IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal No. 1:19-CR-98 |
| v. ) | |
| ) | Hon. Anthony J. Trenga |
| NOEL GARCIA DOMINGO, ) | |
| ) | |
| Defendant. ) | |

**POSITION OF THE UNITED STATES
WITH RESPECT TO SENTENCING**

The United States of America, by and through its undersigned counsel, in accordance with 18 U.S.C. § 3553(a) and the United States Sentencing Commission Guidelines Manual ("Guidelines"), files this Position of the United States with respect to sentencing. The defendant has indicated an intent to plead guilty to one count of illegal entry after removal, in violation of Title 8, United States Code, Section 1326(a). He wishes to proceed straight to sentencing without a Presentence Investigation Report. The United States does not object. The United States and the defendant believe that the defendant's advisory Guidelines range is zero to six months. The United States respectfully submits that a sentence of time served is appropriate under the facts of this case, after consideration of each of the factors set forth in 18 U.S.C. § 3553(a).

**FACTUAL BACKGROUND**

**A. Immigration History**

Discussions by undersigned counsel with the United States Immigration and Customs Enforcement (ICE) case officer and undersigned counsel's review of the defendant's alien file reveal that the defendant is a native and citizen of Guatemala who does not have lawful status in

1

the United States. The defendant first entered the United States without inspection on September 2, 2016. On that date, the defendant was apprehended by Border Patrol Agents near Itak, Arizona, and was determined to be inadmissible pursuant to the Immigration and Nationality Act § 212(a)(7)(A)(i)(I). The defendant's immigration case resulted in an Order of Removal issued on September 2, 2016. Pursuant to that Order, the defendant was removed from the United States on September 9, 2016, from Mesa, Arizona.

Sometime after his removal in September 2016, the defendant illegally reentered the United States. ICE officials discovered that the defendant was illegally present on or about December 2, 2018, after he was arrested on local charges in Fairfax County, Virginia, in the Eastern District of Virginia. According to the General District Court Online Case Information System for Fairfax County General District Court, the state misdemeanor charges against the defendant were: (1) Possessing an Open Container of Alcohol, (2) Drunk in Public, and (3) Fleeing from Law Enforcement. However, according to ICE, the defendant was released by local authorities before ICE could arrest him. The General District Court Online Case Information System indicates that the defendant was subsequently found guilty in absentia in the General District Court in Fairfax County on the first two charges and fined $35 and $100, respectively. The Commonwealth moved to nolle prosequi the third charge.

On March 21, 2019, a grand jury indicted the defendant on one count of illegal reentry, in violation of 8 U.S.C. § 1326(a), and a warrant was issued for the defendant's arrest. ECF Nos. 1 and 7. On or about May 9, 2020, the defendant was arrested on a state misdemeanor Drunk in Public charge in Alexandria, Virginia, in the Eastern District of Virginia.[1] ICE Enforcement and

---

[1] The Online Case Information System for Alexandria General District Court indicates that an adjudicatory hearing for the Drunk in Public charge is set for August 12, 2020. The National Crime Information Center (NCIC) revealed no additional criminal history information for the defendant.

Removal Operations (ERO) Washington Field Office lodged an immigration detainer. On or about May 9, 2020, the defendant was arrested on the criminal warrant. ECF No. 8. The defendant will, therefore, have been in federal custody for 31 days as of June 9, 2020. In addition, the defendant is currently subject to the above-described ICE detainer once the criminal case is complete.

## LEGAL STANDARD

The standards governing this Court's sentencing are well established. This Court must consult the Guidelines as well as the factors set forth in 18 U.S.C. § 3553(a) when making a sentencing decision, though the Guidelines are purely advisory. *See United States v. Booker*, 543 U.S. 220 (2005). The Supreme Court has directed district courts to "begin all sentencing proceedings by correctly calculating the applicable Guidelines range." *Gall v. United States*, 552 U.S. 38, 49 (2007). "Then, the court shall consider that range as well as other relevant factors set forth in the guidelines and those factors set forth in [18 U.S.C.] § 3553(a) before imposing the sentence." *United States v. Hughes*, 401 F.3d 540, 546 (4th Cir. 2005). Section 3553(a) sets out a variety of factors that the Court should consider in determining the defendant's sentence, including the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," among others. 18 U.S.C. § 3553(a)(1)-(2)(A) & (B).

## APPLICATION

### A. Sentencing Guidelines Calculation

The applicable Guidelines range is zero to six months of imprisonment. The base offense level for the defendant's illegal reentry after removal is eight. *See* Guidelines § 2L1.2(a). The defendant does not qualify for any enhancements under § 2L1.2(b). If the defendant pleads guilty and accepts responsibility, the defendant qualifies for a two-point reduction for that acceptance of

responsibility, resulting in a total offense level of six. *See* Guidelines § 3E1.1. The defendant's criminal history is Category I.[2] *See* Guidelines §§ 4A1.1 and 4A1.2. Based on the defendant's adjusted offense level of six and criminal history of Category I, the advisory Guidelines range is zero to six months. *See* Guidelines § 5A.

### B.  Statutory Analysis

Based upon the applicable Section 3553(a) factors, the United States recommends a within-Guidelines sentence of time served. In the absence of aggravating factors, the United States submits that a felony conviction and a Guidelines sentence of time served are sufficient but not greater than necessary to address the § 3553(a) sentencing factors. Specifically, the defendant's offenses necessitate a term of imprisonment to provide just punishment for defying immigration laws and promote respect for the law, which the defendant's past conduct demonstrates he has disregarded. In addition, the government submits that the felony conviction and recommended sentence are necessary to deter the defendant from committing future offenses and to put the defendant on notice of greater penalties if he reenters the United States illegally. The government further submits that the recommended sentence provides general deterrence to others who would contravene U.S. immigration laws. Finally, the requested sentence, within the Guidelines, will avoid unwarranted sentencing disparities. The Guidelines ensure that defendants who have committed similar crimes and have similar criminal records will receive roughly similar sentences, regardless of the district and courtroom in which they are sentenced. 18 U.S.C. § 3553(a)(6). *See Gall*, 552 U.S. at 46 (noting that the Guidelines are "the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions").

---

[2] The defendant's state misdemeanor charges were not counted in the calculation of the Criminal History Category, pursuant to the Guidelines § 4A1.2(c).

## CONCLUSION

For the reasons stated above, the United States respectfully recommends that a sentence of time served—approximately 31 days—is appropriate under the facts of this case.

Respectfully submitted,

G. Zachary Terwilliger
United States Attorney

Date: June 4, 2020

By: _____/s/_____
Jane Lee
Special Assistant United States Attorney
Marc J. Birnbaum
Assistant United States Attorney
United States Attorney's Office
Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: (703) 299-3700
Fax: (703) 299-3980
Jane.Lee2@usdoj.gov
Marc.Birnbaum@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on June 4, 2020, I caused a copy of the foregoing memorandum to be filed with the Clerk of Court using the CM/ECF system, which will automatically generate a Notice of Electronic Filing (NEF) to all counsel of record.

                                                      /s/
                                           Jane Lee
                                           Special Assistant United States Attorney